IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ANKENY HOTEL ASSOCIATES, LLC<br>Plaintiff,<br><br>v.<br><br>OSK X, LLC,<br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND PRELIMINARY INJUNCTIVE RELIEF**<br><br>**(EXPEDITED HEARING REQUESTED)** |

COMES NOW the Plaintiff, Ankeny Hotel Associates, LLC, who states as follows:

**PARTIES**

1. Ankeny Hotel Associates, LLC ("AHA") is an Iowa company that has its principal place of business in Ankeny, Iowa.

2. None of its members are believed to be citizens of the State of Minnesota.

3. OSK X, LLC ("OSK") is a Minnesota company with its principal place of business in Edina, Minnesota.

4. On information and belief, none of the members of OSK are citizens of the State of Iowa.

**JURISDICTION AND VENUE**

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (a) (1)-(3) because this case involves citizens of different states and the matter in controversy is in excess of $75,000, exclusive of interest and costs.

#3291551

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) (2) because a substantial part of the events or omissions giving rise to the claim involving performance of the contract occurred in this district, the property that is the subject of the action is situated in this district and the agreements at issue required exclusive venue in this district for any suit initiated by AHA.

7. This Court has personal jurisdiction over OSK based on its actions in Iowa which include, but are not limited to, being a successor-in-interest to the various real estate loan agreements at issue which are performed in Iowa, communications directed to AHA in Iowa on such loan and because the original lender, Great Western bank, was located in North Liberty, Iowa and all contact between AHA and that original lender were in Iowa such that for purposes of the exercise of personal jurisdiction based on specific jurisdictional, those Iowa contacts should be imputed or otherwise attributed to OSK.

**FACTS**

8. On May 1, 2018, AHA and Great Western Bank, located in North Liberty, Iowa, entered into the Loan Agreement ("Agreement"), Promissory Note ("Note") and Mortgage of certain real estate located in Ankeny, Iowa. (See Exhibits "A" , "B' and "C" attached hereto and incorporated herein).

9. The Note provided that the rate of interest was 4.5% per annum unless there was a default and, in that circumstance, interest would be 18%per annum.

10. OSK X, LLC ("OSK") became the successor to the Agreement and Note on or about December 24, 2020. (See Exhibits "D" and "E" attached hereto and incorporated herein).

11. AHA sent profit and loss statements, among other financial information, to its lender starting in the second quarter of 2020 which showed deteriorating performance due to the impact of the COVID-19 pandemic.

12. On January 15, February 18, March 17, April 16 and May 17, 2021, monthly billings statements were sent to AHA by OSK's loan servicer reflecting, among other things, that the interest owed was 4.5% per annum for each month's payment. (See Exhibit "F" attached hereto and incorporated herein).

13. In reliance on those statements, AHA paid the principal and 4.5% interest requested.

14. On May 24, 2021, AHA received a letter dated May 11, 2021 in which OSK alleged that AHA failed to achieve the minimum Debt Service Coverage Ratio requirement under section 4.9 of Agreement and that such failure, pursuant to Section 6.1(c) of the Agreement, was an Event of Default *as of December 31, 2020.* (See Exhibit "G" attached hereto and incorporated herein) (emphasis added).

15. Accordingly, OSK has sought to recover 18% percent retroactively to January 1, 2021 from AHA from January 1, 2021 to the present.

16. The Note has two types of defaults: failure to make payment and other defaults.

17. No payment default has ever existed.

18. When non-compliance with the Debt Service Coverage Ratio occurs and proper notice is provided, then "Cure Provisions" subsection of the "DEFAULT" section of the Note provide the following:

> *If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Bank sends written notice to Borrower demanding cure of such default: (1) cures the default within*

*thirty (30) days; or (2) if the cure requires more than thirty (30) days, immediately initiates steps which Bank deems in Bank's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.*

19. A failure to achieve minimum Debt Service Coverage Ratio requirements is not a default in payment and is curable.

20. Additionally, no notice of a breach of these provisions was given AHA in the previous twelve months.

21. Accordingly, under the terms of the Note, no Event of Default by AHA could exist until:

(1) a valid notice demanding AHA cure the default was delivered and

(2) AHA failed to:

(a) cure the default if capable of cure within 30 days or

(b) failed to immediately initiate steps to cure a default that cannot be cured within 30 days and thereafter continued and completed all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

22. Even assuming, *arguendo,* the Notice satisfied the first condition necessary for an Event of Default to exist under the Note, AHA was entitled to a minimum of 30 days from May 16, 2021 to cure the alleged breach.

23. On May 26, 2021, AHA responded to the Notice, stating that the Loan Agreement required OSK to afford AHA an opportunity to cure any default of the Loan Agreement prior to imposing the default interest rate. (See Exhibit "H" attached hereto and incorporated herein).

24. AHA's non-compliance with the Debt Service Coverage Ratio was solely due to the COVID-19 pandemic.

25. OSK was notified that AHA continually made efforts to boost performance of the hotel in order to achieve the minimum Debt Service Coverage Ratio requirements in the face of

the COVID-19 pandemic and was committed to continue all reasonable and necessary steps sufficient to boost earnings to achieve the minimum Debt Service Coverage Ratio requirements of the Loan Agreement as soon as reasonably practical.

26. According to the terms of the Note, an Event of Default did not exist and OSK could not declare an Event of Default that would trigger an increase to the default interest rate of 18% per annum.

27. More importantly, AHA was prepared to cure because it had re-financing loan available from West Bank to fully pay the principal and accrued interest at 4.5%, so long as OSK provided a payoff statement to AHA and OSK made a commitment to release the mortgage upon receipt of such payment from AHA.

28. To that end, on June 10, 2021, AHA requested that OSK send a loan payoff statement reflecting the 4.5% interest rate within three days of the regular payment scheduled for so it could pay-off the loan and re-finance with West Bank. (See Exhibit "I" attached hereto and incorporated herein).

29. OSK has failed to respond to AHA's request to provide the requested pay-off amount and such failure prevents AHA from refinancing.

30. Instead of cooperating with AHA to be paid off, OSK claims that the default at issue is "uncurable" and seeks a windfall by attempting to recovery of interest at the annual rate 18% (instead of $4.5%) dating back to January 1, 2021.

31. The 13.5% interest rate difference in the rate (between the amount owed by Aha and the amount wrongfully sought by OSK) is in excess of *$86,276.00 per month*.

## COUNT I
## DECLARATORY JUDGMENT
(28 U.S.C. § 2201)

32. AHA repleads the allegations of paragraphs 1 through 31 of the Complaint as if set forth fully herein.

33. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, AHA, as a party to the Agreement and Note is an interested party in such written contracts and, as such, this court can declare the rights of AHA thereunder.

34. AHA requests that the court construe the Agreement and Note and determine what the rate of interest which is owed commencing January 1, 2021.

## COUNT II
## PRELIMINARY INJUNCTIVE RELIEF

35. AHA repleads as if set forth fully herein the allegations of paragraphs 1 through 34.

36. By virtue of the foregoing, as well as a Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 (a), which AHA has filed concurrently, AHA has and will demonstrate a probability of success on the merits and that a balancing of the equities favors the issuance of an injunction against OSK prohibiting OSK from recovery of 18% interest from January 1, 2021 and to affirmatively provide a pay-off balance at the interest rate of 4.5% per annum so AHA can re-finance the loan and have the mortgage released upon such payment.

37. Unless OSK is so enjoined from the foregoing conduct, OSK will cause irreparable harm to AHA's rights because the re-financing with West Bank at a favorable rate is time sensitive and OSK is denying AHA the right to receipt of a payoff balance and a

commitment to release the exiting mortgage on the real estate at issue upon receipt of such payment.

38.     The balance of harm favors AHA because its ability to re-finance at a favorable rate is time-sensitive and there is no corresponding time-sensitive harm to OSK.

39.     The public interest favors AHA because a borrower should not be precluded from paying off a mortgage in its entirety due to a successor to the original lender refusing to provide a payoff balance and agreeing to release a mortgage upon receipt of such payment.

40.     Plaintiffs requests that the Court enter a temporary injunction restraining Defendant from seeking 18% interest from January 1, 2021 to the present and require OSK to accept 4.5% interest per annum from January 1, 2021 through payoff and release the real estate mortgage at issue upon receipt of such payment.

**WHEREFORE,** Plaintiffs pray that the court construe the Agreement and Note at issue and declare that 18% interest from January 2021 is not owed on the loan and that the proper rate of interest owed from January 1, 2021 to the present is 4.5% per annum, that the court issue a preliminary injunction prohibiting the Defendant from seeking 18% interest from January 1, 2021 to the present from AHA on the Note, that Defendant provide a pay-off figure at the appropriate rate of interest of 4.5% per annum to AHA and, upon payment of such pay-off amount by AHA, that Defendant release the mortgage on the real estate at issue and award costs, interest and other relief deemed appropriate.

/s/ Stanley Thompson
Stanley J. Thompson, Bar AT0007811
Spencer Willems, Bar AT0014087
Dentons Davis Brown P.C.
4201 Westown Parkway, Suite 300
West Des Moines, Iowa 50266
Telephone:  (515) 288-2500
Facsimile:  (515) 243-0654
E-mail:  Stan.Thompson@Dentons.com
Spencer.Willems@Dentons.com

ATTORNEYS FOR PLAINTIFF ANKENY HOTEL ASSOCIATES, LLC